

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2003

# Gaud v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket 02-3753

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Gaud v. Comm Social Security" (2003). *2003 Decisions*. Paper 712.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/712

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No:  02-3753


LISSETTE GAUD,
            Appellant
        v.

COMMISSIONER OF SOCIAL SECURITY


On Appeal from the United States District Court
    for the District of New Jersey

District Court Judge:  The Honorable Dennis M. Cavanaugh
        (D.C. Civil No. 00-cv-05883)



Submitted Under Third Circuit L.A.R. 34.1(a)
        March 7, 2003

Before:  ROTH, BARRY, and FUENTES, Circuit Judges

(Opinion Filed:  March 26, 2003)



OPINION OF THE COURT



FUENTES, Circuit Judge:

Appellant Lissette Gaud ("Gaud") appeals a final order of the United States District Court for the District of New Jersey affirming the decision of the Commissioner of the Social Security Administration ("Commissioner") to deny her application for disability insurance benefits under Title II of the Social Security Act. Gaud claims that the District Court erred in concluding that the Administrative Law Judge's ("ALJ's") findings were supported by substantial evidence.

The District Court exercised jurisdiction over Gaud's request for review of the Commissioner's denial of benefits pursuant to 42 U.S.C. 405(g). Because the District Court's Order was a final judgment that disposed of all of the Parties' claims, we exercise jurisdiction over the instant appeal pursuant to 28 U.S.C. 1291.

We review de novo the issue of whether the Commissioner's denial of benefits was supported by substantial evidence. See Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (stating that "[t]he role of this Court is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision.") Substantial evidence "does not mean a large or significant amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "We will not set aside the Commissioner's decision if it is supported by substantial evidence, even if we would have decided the factual inquiry differently." Hartranft, 181 F.3d at 360 (citations omitted).

After a careful review of the record and the Parties' arguments, we find no basis for disturbing the District Court's thorough and well-reasoned opinion. The District Court conducted a comprehensive analysis of the evidence considered by the ALJ, including a summary of medical reports from ten sources dealing with Gaud's diagnoses and treatment. The District Court then evaluated each of the alleged errors set forth by Gaud in challenging the ALJ's decision and concluded that the ALJ's decision was supported by substantial evidence. Gaud raises essentially the same issues before this Court as she did before the District Court. Because we agree that the ALJ's decision was supported by substantial evidence, we will affirm the judgment for substantially the same reasons set forth in the record.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.


                         /s/    Julio M. Fuentes
                      Circuit Judge